FILED LODGED
RECEIVED
JUN 13 2017
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

summs issd

TAC14653

**UNITED STATES DISTRICT COURT**

**for the**

**Western District of Washington**

| | |
|---|---|
| **Terrell Rakai Wall**<br>**Plaintiff(s)**<br><br>**-v-**<br><br>**Defendant(s)**<br>**See Attachments (Defendants)** | Case No. 3:17-CV-5453 RJB<br>(to be filled in by the Clerk's Office)<br><br>Motion for:<br><br>Stay and Preliminary Injunction |

**COMPLAINT AND REQUEST FOR STAY / INJUNCTION**

**I.** ***The Parties to This Complaint***

**A. The Plaintiff(s)**

**Terrell Rakai Wall,**
Street AddressC/O 3007 NORTH HIGHLAND #D4
City and County: TACOMA, PIERCE
State and Zip Code: WASHINGTON 98407
Telephone Number: 253-883-8348
E-mail Address: RAKAI500@yahoo.com

B. **The Defendant(s)**

**Defendant No. 1**
***Stephanie Arend***
Street Address: 930 Tacoma Avenue South Department #8
City and County: Tacoma, Pierce
State and Zip Code: Washington , 98402
Telephone Number
E-mail Address (if known)

**Defendant No. 2**
***Jason Johnson***
Street Address: 949 Market St;
City and County: Tacoma, Pierce
State and Zip Code: Washington, 98402
Telephone Number: 253-798-6062
E-mail Address (if known)

**Defendant No. 3**
***Kwayne Lund***
Street Address: 930 Tacoma Avenue South Room 946.
City and County: Tacoma, Pierce
State and Zip Code: Washington, 98402
Telephone Number
E-mail Address (if known)

**Defendant No. 4**
***Kevin Stock***
Street Address: 930 Tacoma Avenue South Room 946.
City and County: Tacoma, Pierce
State and Zip Code: Washington, 98402
Telephone Number

**Defendant No. 5**
***Grant E. Blinn***
Street Address: 930 Tacoma Avenue South Room 946.
City and County: Tacoma, Pierce
State and Zip Code: Washington, 98402
Telephone Number

**Defendant No. 6**
**Frank Cuthbertson**
Street Address: 930 Tacoma Avenue South Room 2E.
City and County: Tacoma, Pierce

State and Zip Code: Washington, 98402
Telephone Number

II. **Basis for Jurisdiction**

**What is the basis for federal court jurisdiction?**

***A. Federal questions***

A. **If the Basis for Jurisdiction Is a Federal Question**

Federal statutes, federal treaties, and/or provisions of the United States Constitution that are primary issues in this case.

**Codified: 42 U.S.C § 1983, The Civil Rights Act of 1871** - Depriving a United States citizen or person within the nations' jurisdiction of rights, privileges, or immunities secured by the Constitution and laws of the United States. In addition, this is (1) "expressly authorized" by an act of Congress, (2) necessary in aid of the federal court's jurisdiction, or (3) necessary to effectuate a federal court's judgment which also provides for a specific and uniquely federal right or remedy, enforceable in a federal court of equity.

**18 U.S.C. § Sec. 1506** - Concealment, Stealing, altering, removal, or mutilation while willfully and unlawfully concealing, removing, mutilating, obliterating, or destroying, or attempting to do so, or, with intent to do so by taking and carrying away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States while having the custody of any such record, proceeding, ma p, book, document, paper, or other thing.

**18 U.S. Code § 1964 section 1028**- (relating to fraud and related activity in connection with identification documents), **section 1029**- (relating to fraud and related activity in connection with access devices)

1. The Plaintiff, **TERRELL RAKAI WALL** is a citizen of the State of Washington, Republic

2. **The Defendant(s)**

a. The defendant, **Stephanie Arend** is a citizen of the State of Washington

b. The defendant, **Grant Blinn** is a citizen of the State of Washington

c. The defendant, **Kwayne Lund** is a citizen of the State of Washington

d. The defendant, **Johnson L. Johnson** is a citizen of the State of Washington

e. The defendant, **Kevin Stock, Director Pierce County Clerks Office** is a citizen of the State of Washington

f. The defendant, **Frank Cuthbertson** is a citizen of the State of Washington

2. **The Amount in Controversy**

The amount in controversy based on above violations and allegations are approximately $5,000,000.00.

III. **Statement of Claim**

A. **Where did the events giving rise to your claim(s) occur?**

**930 Tacoma Avenue South.**
**City and County** **Tacoma, Pierce**
**State and Zip Code** **Washington, 98402**

B. **What date and approximate time did the events giving rise to your claim(s) occur?**

1. On or about December 16, 2016 and December 29, 2016 moving party submitted a Marsden motion to dismiss his case, courts did not respond.

2. On or about December 16, 2016 the court imposed a substitution of Counsel (Jason L. Johnson- Washington State Bar No.: 31813) –Denial of right to self-represent.

3. On or about February 22, 2017 Moving party received a letter from Jason L. Johnson of Intimidation, Harassment, Bullying, and Threats that:

- Impeding due exercise of rights and Civil / Constitutional rights, by attempting to prevent, obstruct, impede or interfere with same (18 U.S.C. Sec. 1509)-

- Obstructing a criminal investigation by preventing the communication of information relating to a violation of any criminal statue of the united states (18 U.S.C. Sec. 1506)

- Aiding/abetting slavery by holding, returning or arresting any person to return to him/her to peonage (13th amendment; 18 U.S.C. Sec. 1581) (Not removing himself as Counsel)

4. Affidavit of Material facts filed on or about April 11, 2017- Request for Discovery (from Jason L. Johnson)

- Stealing, altering, falsifying, removing, or avoiding a court record with consequential impact on a judgment (18 U.S.C. Sec. 1506)

5.Affidavit of Material facts filed on or about April 12, 2017- Journal entry for hearing continuance stipulation without moving party's consent or knowledge. )-

- Stealing, altering, falsifying, removing, or avoiding a court record with consequential impact on a judgment (18 U.S.C. Sec. 1506)

6. On or about April 12, 2017 Second Bail Hearing-Prosecutor Kwayne Lund submitted false verbal and written declaration statements, in order to raise Mr. Wall's current bail from $100,000.00 dollars, to $250,000.00 dollars. Moving party was out on bail.

Prosecutor Kwayne Lund on or about Brief in opposition for moving party to self-represent, requesting that the court deny his request and continue with current counsel Jason Johnson.

- Perjury against his/her oath of office by subscribing to a material matter he/she knows to be false (18 U.S.C. Sec. 1621) see Judges, public officials, oath of offices

- Subornation of Perjury by procuring another to commit perjury (18 U.S.C. Sec. 1622) Impeding due exercise of rights, by attempting to prevent, obstruct, impede or interfere with same (18 U.S.C. Sec. 1509) (Judge Blinn)

- Making a false declaration before a United States court (18 U.S.C. Sec. 1623)

- Obstructing a criminal investigation by preventing the communication of information relating to a violation of any criminal statue of the United States (18 U.S.C. Sec. 1506)

- Impeding due exercise of rights, by attempting to prevent, obstruct, impede or interfere with same (18 U.S.C. Sec. 1509)-

- Aiding/abetting slavery by holding, returning or arresting any person to return to him/her to peonage (13th amendment; 18 U.S.C. Sec. 1581)

- Relating to fraud and related activity in connection with identification documents, (18 U.S.C. Sec,1028)
- Relating to fraud and related activity in connection with access devices- (18 U.S.C Sec 1029)

7. On or about January 12, 2017 Judge Stephanie Arend, denied moving party's request to self-represent

On or about April 12, 2017 Judge Stephanie Arend failed to request for any written declarations or evidence from Prosecutor Kwayne Lund that would support the alleged allegations against

the moving party in order for the bail amount to be raised from $100,000.00 to 250,000.00. Prosecutor Lund was allowed to submit fabricated witness testimony without any official statement/Declaration being submitted to the court or moving party. Refused to address MARDSEN Motion which clearly addressed by Terrel Rakai Wall distress, due to irreparable harm caused with presentation of counsel which displayed and acted with malice intent and clear violations of constitutional rights to effective counsel with several acts of direct discrimination outlined in several filed affidavits of facts by Mr. Wall.

Neutrality which helps to protect constitutional rights and guarantee Mr. Walls' life, liberty, or property was removed on the basis of an erroneous or distorted conception of the facts or the laws.

- Perjury against his/her oath of office by subscribing to a material matter he/she knows to be false (18 U.S.C. Sec. 1621) see Judges, public officials, oath of offices

- Subornation of Perjury by procuring another to commit perjury (18 U.S.C. Sec. 1622) Impeding due exercise of rights, by attempting to prevent, obstruct, impede or interfere with same (18 U.S.C. Sec. 1509) (Prosecutor Kwayne Lund)

- Obstructing a criminal investigation by preventing the communication of information relating to a violation of any criminal statue of the United States (18 U.S.C. Sec. 1506)

- Impeding due exercise of rights Civil/Constitutional rights, by attempting to prevent, obstruct, impede or interfere with same (18 U.S.C. Sec. 1509)
- Relating to fraud and related activity in connection with identification documents, (18 U.S.C. Sec,1028)
- Relating to fraud and related activity in connection with access devices- (18 U.S.C Sec 1029)

8. On or about May 30, 2017 on or about 8:30am Defendant, Judge Frank Cuthbertson entered a plea of not guilty on behalf of Plaintiff, Terrel Rakai Wall without his consent.

Excluded evidence from the court file that has impaired the moving party to have access to due process and a fair trial

Excluded imminent evidence which severely impaired Terrel Rakai Walkability to defend against filed affidavits

Moving Party was denied allowing Victim/Witness to testify before the Jury on June 1, 2017, victim/witness provided testimony that weighed in favor of the moving party.

From May 30, 2017 – June 12, 2017, Defendant, Judge Frank Cuthbertson provided testimony from the bench in the presence of Jurors

On or about June 12, 2017 (time: 10:15am) Defendant, Judge Frank Cuthbertson submitted a motion and affidavit to have certain documents of evidence sealed, that impacted the moving party's right to due process, civil rights and self-representation and access to a fair trial.

On or about June 12, 2017 (time: 2:30pm) Defendant, Judge Frank Cuthbertson gave instructions to the Jury to exclude any comments or statements that he made that might have appeared as testimony.

- Obstructing a criminal investigation by preventing the communication of information relating to a violation of any criminal statue of the United States (18 U.S.C. Sec. 1506)

- Subornation of Perjury by procuring another to commit perjury (18 U.S.C. Sec. 1622) Impeding due exercise of rights, by attempting to prevent, obstruct, impede or interfere with same (18 U.S.C. Sec. 1509)

- Fraud by a Judge by falsifying or concealing a material fact, making a false representation, writing a false document or having knowledge that a document is false (18 U.S.C. Sec. 1001)

- Perjury against his/her oath of office by subscribing to a material matter he/she knows to be false (18 U.S.C. Sec. 1621) see Judges, public officials, oath of offices

9. On or about April 27, 2017 Judge Blinn, denied the moving party's motion to self-represent.

- Impeding due exercise of rights, by attempting to prevent, obstruct, impede or interfere with same (18 U.S.C. Sec. 1509)

- Perjury against his/her oath of office by subscribing to a material matter he/she knows to be false (18 U.S.C. Sec. 1621) see Judges, public officials, oath of offices

- Fraud by a Judge by falsifying or concealing a material fact, making a false representation, writing a false document or having knowledge that a document is false (18 U.S.C. Sec. 1001)
- Relating to fraud and related activity in connection with identification documents, (18 U.S.C. Sec,1028)
- Relating to fraud and related activity in connection with access devices- (18 U.S.C Sec 1029)

**C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)**

***Defendant, Jason L. Johnson***

On December 16, 2016, the Pierce County Court assigned Counsel to me, over ruling my constitutional rights to self-representation.

On three (3) separate occasions the moving party was ordered to complete Competency Evaluations: October --, 2015, April --, 2016; and March –2017.

Results from the evaluation concluded that the defendant was competent to stand trial and could assist with his case and trial.

Terrel Rakai Wall had indicated in writing to the courts he did not wish to go through another evaluation, because of the previous two reports documented he was competent to stand trial. It was also unusual to be evaluated in the office of the Department of Assigned Counsel.

The moving party requested for Discovery documents and complete file from Jason L Johnson and the request was denied

February 22, 2017 thru May 2017, Defendant, Jason L Johnson verbally and written documentation continued to Harass, intimidate, threaten, and bully the moving party. (Example advising moving party to show up alone; or verbally abusing the moving party's Mother)

All verbal and written communication violated the moving party's civil rights, due process of law, and reservation of rights and self-representation since the case begin

Moving party filed an Affidavit of Material Facts on April 12, 2017, where Jason Johnson entered a stipulation requesting for a continuance without consent from the moving party. Violating the moving party's civil rights, due process of law, and reservation of rights and self-representation.

***Defendant, Kwayne Lund***

On April 12, 2017, a second bail hearing motion was granted, prior to the hearing moving party requested verbally and in writing copies of declarations and affidavits regarding the allegations to increase moving party bail.

Prosecutor Kwayne Lund submitted false affidavit/declarations to the court, against the moving party, that included fabricated witness/victim statement which violated the moving party the right to due process. The moving party was not allowed to defend against the fabricated witness statement and evidence. Moving Party has a right to equal protection and access by allowing the Prosecutor to present false witness fabricated statement concerning the alleged allegations, the opportunity to a fair trial and self-representation have been effected by the Prosecutors perjured false affidavit/declarations to the court.

This lead to the moving party being handcuffed and arrested during the bail hearing on April 12, 2017. Bail was increased from $100, 000.00 dollars to $250,000.00 dollars, moving party was

currently out on bail and during the court proceedings was handcuffed and taken back into custody.

Moving Party requested during the court proceeding for the affidavits from: Mr. Johnson, Prosecutor Kwayne Lund, and Judge Stephanie Arend.

***Defendant, Judge Stephanie Arend***

Parties involved: Moving Party; Defendant, Kwayne Lund; Jason L Johnson, DAC, Judge Stephanie Arend, Judge Blinn, and Judge Frank Cuthbertson.

Persons who witnessed: Terrell Wall, New Century Justice Network, Yameta Wall, Vanessa Lewis, Paula Milton and other community members.

IV. **Irreparable Injury**

Monetary damages at a later time would not adequately compensate for the injuries Terrel Rakai Wall has sustained, is sustaining, or will continue to sustain as a result of the substantial imminent danger of violations of constitutional rights and civil rights violations in which Terrel Rakai Wall has been threatened and deprived of. The clear violation of Speedy rights, wrong acts of “Quia Timet” resulting from fear, direct intimidation, bullying of defendants has clearly violated my constitutional rights and to due processes of law previously and further commencing. I, Terrel Rakai Wall has suffered and continue to suffer an irreparable injury in which remedies available at law are inadequate to compensate for “time” spent in jail for a duration of 13 months without any means of bail ever being posted or with an opportunity to bail, violation of speedy rights afforded under the constitution and that injury that has occurred is now self-sustaining with more than 18 months; U.S. Constitution's prohibition against imposing excessive bail or preventing access or remedy, excessive fines or cruel and unusual punishments and while considering the balance of this direct hardship between Terrel Rakai Wall and defendants, a remedy in equity is now warranted and the public interest would not be disserved by even applying a permanent injunction because of violations of constitutional and civil rights.

V. **Relief /Pray Requested**

**Nominal and Punitive Money Damages.**

It is difficult to discern a damage measurement standard based on 42 U.S.C § 1983 because the Constitutional rights of a citizen are so valuable that an injury is presumed to flow from the deprivation itself therefore,

1. Dismissal of Case due to violations of Speedy rights and Due process of law
2. Preliminary Injunction be implemented /granted to stop all proceedings until such time as Federal Questions have been answered and addressed.
3. **General damages:**

a. Mental distress damages: $500,000.00
b. Emotional and Trauma distress damages: $500,000.00
c. Out of Pocket Expenses: $2,500.00
d. Attorney fees: $10,000.00
e. Treble damages: $1,500,000.00

4. **Special damages:**
a. Loss of time/False Imprisonment: $130,000.00
b. Lower quality of life: $100,000.00
c. Loss of Wages and loss of earning capacity: $45,000.00
d. Medical expenses future: $200,000.00

Award of additional damages due to personal injury through punitive damages related to official conduct which was malicious, intentional, recklessly or callously indifferent to protected constitutional rights of Terrel Rakai Wall;

1. In the amount of $5,000,000.00 or applicable amount in which law allows based on each violation(s).

2. Request that appropriate validated violations carry with its civil and/or criminal charges for defendants in case.

3. And that any action within (not applicable) does not invalidate remaining claims.

VI. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing 06-03-2017
Signature of Plaintiff [signature]
Printed Name of Plaintiff Rakai Wall Terrell
UCC-1-308 Without Prejudice