UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL RAKAI WALL,

    Plaintiff,

 v.

STEPHANIE AREND, et al.,

    Defendants.

CASE NO. C17-5453 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' motion to dismiss. Dkt. 20. Also before the Court are Plaintiff's motion for a preliminary injunction and his request to extend the deadline for his response to Defendants' motion to dismiss. Dkts. 2, 22. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion to dismiss for the reasons stated herein.

## I. PROCEDURAL HISTORY

Plaintiff filed his complaint and motion for preliminary injunction on June 13, 2017. Dkts. 1, 2. On July 5, 2017, Defendants moved for dismissal. Dkt. 20. On July 25, 2017, Plaintiff moved to extend the deadline for his response. Dkt. 22. On July 28, 2017, Defendants filed a reply to their motion to dismiss. Dkt. 21.

## II. DISCUSSION

**A.   Motion to Extend Deadline**

Plaintiff has requested that the Court extend the deadline for the filing of his response by over a month until September 8, 2017. Dkt. 22. "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." W.D. Wash. Local Rules. LCR 7(j). Plaintiff did not request an extension to his deadline until a day after his response was due.

While Plaintiff's failure to comply with the Court's local rules in timely requesting a deadline is reason enough to deny the request, the Court instead bases its decision on the fact that Plaintiff has failed to articulate a legitimate basis for an extension. Plaintiff's only stated reason for requesting an extension of his response deadline is "because Plaintiff doesn't have in its position [sic] copies of the hearing transcript . . . so as to incorporate into opposition to motion to dismiss." Dkt. 22 at 2. Plaintiff does not articulate what hearing transcript he is referring to or how such a transcript would help him oppose a motion to dismiss. Indeed, reviewing the grounds for dismissal in Defendants' motion, it is clear that the motion does not challenge the veracity of any facts alleged in the complaint, but rather argues about the legal deficiencies of those allegations. Whether Plaintiff can support his allegations with a record such as a hearing transcript is irrelevant to arguments in Defendants' motion to dismiss, as developing a factual record will not cure the argued legal deficiencies of Plaintiff's claims. Moreover, to the extent that Plaintiff might attempt to develop the record in order to cure factually

deficient claims in the complaint, the proper method for curing such claims is to file an amended pleading containing sufficient factual allegations. Accordingly, Plaintiff's motion to extend the deadline for his response is denied.

Normally, Plaintiff's failure to respond to a motion to dismiss would be construed as an admission that Defendants' motion has merit. W.D. Wash. Local Rules LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). However, in this instance, while Plaintiff has failed to file a substantive response, Plaintiff has nonetheless indicated his general opposition to the motion. Therefore, the Court will not regard Plaintiff's lack of a timely response as an admission that Defendants' motion to dismiss should be granted. Instead, the Court will address the merits of Defendants' motion in light of the allegations made in the complaint.

**B.  Motion to Dismiss**

　　**1.  Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a

"formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is generally limited to the pleadings. Fed. R. Civ. P. 12(d).

### 2. Claims

Plaintiff attempts to bring a civil claim against Defendants under criminal statute 18 U.S.C. § 1506 based on filings made in his ongoing criminal proceedings in state court. Dkt. 1 at 3. The Court previously dismissed a petition to proceed in forma pauperis filed by Plaintiff on June 7, 2017. *Wall, v. Lindquist, et al.*, C17-5439 BHS, Dkt. 2 (W.D. Wash. June 8, 2017). In doing so, the Court explained that Plaintiff had failed to state a valid claim because the criminal statutes he had cited did not provide a private cause of action or a basis for civil lawsuit based on the destruction of documents. *Id.* at 3 (citing *Winslow v. Romer*, 759 F. Supp. 670, 674 (D. Colo. 1991) ("Nothing in the language or history of 18 U.S.C. §§ 2071 or 31096 indicates that either statute was intended to create a private right of action."); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y. 1985) (no private right of action under § 2071)). The same can be said of Plaintiff's claims that Defendants violated 18 U.S.C. § 1506. *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009), *aff'd*, 350 Fed. Appx. 605 (3d Cir. 2009) ("[18 U.S.C. § 1506] was not intended to be used in civil litigation or as a basis for a private right of action."). Therefore, to the extent Plaintiff brings claims against Defendants asserting a private cause of action under 18 U.S.C. § 1506, those claims are dismissed. Because those claims

cannot be cured by amendment, the dismissal is with prejudice and without leave to amend.

Judicial immunity clearly bars Plaintiff's claims against the various judicial defendants for allegedly (1) failing to adequately consider a motion by Plaintiff, (2) allowing false information to be admitted in Plaintiff's criminal case, (2) entering a plea, (3) wrongly instructing the jury, (4) sealing court filings, or (5) denying Plaintiffs' motion to self-represent. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). Therefore, Plaintiff's claims against Defendants Arend, Blinn, and Cuthbertson are denied with prejudice and without leave to amend.

Plaintiff also brings § 1983 claims against Defendant Johnson, his court-appointed defense counsel. Plaintiff vaguely alleges that Johnson made abusive communications and failed to adequately represent him. It is well established that court-appointed defense attorneys are not acting under color of state law when representing clients and therefore cannot be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981). Because Plaintiff's § 1983 claims against Defendant Johnson are based in Johnson's work as a public defender in the course of attempting to represent Plaintiff, the § 1983 claims against him are dismissed. However, Johnson could still be liable under § 1983 if he "engaged in a conspiracy with state officials to deprive another of federal rights," *Tower v. Glover*, 467 U.S. 914, 920 (1984), although the complaint presently lacks allegations regarding a conspiracy. While Plaintiff's complaint presently fails to allege a

§ 1983 claim against Johnson, it is not absolutely clear that his claim cannot be cured by amendment. Therefore, the claim is dismissed without prejudice and with leave to amend. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.").

Plaintiff's complaint fails to include any allegations regarding conduct by Defendant Stock. Therefore, Plaintiff's claims against Defendant Stock are also dismissed without prejudice and with leave to amend.

Plaintiff also brings a 42 U.S.C. § 1983 claim against Defendant Lund, the prosecutor in his state court criminal proceeding, by arguing that Lund submitted a false and/or fabricated declaration to deprive Plaintiff of his right to self-representation and the revocation of his bail. Dkt. 1 at 8–9. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001)." However, "[t]o prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). In this case, Plaintiff's conclusory allegation that the prosecutor submitted false evidence is insufficient to state a viable claim. Plaintiff merely claims that "Lund submitted false affidavit/declarations to the court . . . that included fabricated victim/witness statement [sic]," without alleging that Lund knew the evidence was false and/or participated in its fabrication. Moreover,

Plaintiff fails to even set out what statements were submitted that are allegedly false. Absent such allegations, Plaintiff has failed to state a viable § 1983 claim against Lund. Nonetheless, this does not mean that Plaintiff cannot cure his deficient claim by alleging additional facts. Therefore Plaintiff's § 1983 claim against Plaintiff should be dismissed without prejudice and with leave to amend.

The Court notes that, even if Plaintiff successfully amends his complaint to plead facts to support a theory that Lund fabricated and submitted false evidence against him, it appears that the *Younger* abstention doctrines would still prevent the Court from interfering in Plaintiff's ongoing state criminal proceedings. "[A] federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69 (1971) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action." *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). Therefore, as Plaintiff can pursue his constitutional challenges to Lund's conduct in his criminal proceedings, his motion for a preliminary injunction and request for relief that the Court stay and dismiss his prosecution is clearly barred by *Younger*. *See* Dkt. 1 at 9. Additionally, "[d]amages suits that turn on a constitutional challenge to pending state proceedings implicate the reasons for *Younger* abstention as much as equitable or declarative relief actions because to determine whether the federal plaintiff is entitled to damages—and to determine whether the federal defendant is entitled to immunity—the district court must first decide whether a constitutional violation has occurred."

*Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004). Therefore, even if Plaintiff amends his pleading to sufficiently allege a § 1983 claim for damages against Lund, to the extent that Plaintiff seeks to challenge the constitutionality of his criminal proceedings based on the veracity and/or sufficiency of the unspecified "victim/witness statement" against him, it appears that the Court will still be required to stay Plaintiff's damages action pending the resolution of his criminal proceeding. *See Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004) ("*Younger* principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and . . . the correct disposition is to defer—not to dismiss—when damages are at issue."). Nonetheless, as Plaintiff has not yet stated a cognizable claim, the Court need not conclusively decide this issue.

Finally, Plaintiff has also failed to allege a cognizable 18 U.S.C. § 1964 civil RICO claim. "There is no RICO predicate based on allegations of unspecified 'civil rights violations,'" *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017), and Plaintiff has failed to otherwise adequately plead that Defendants engaged in a pattern of racketeering predicate offenses. Moreover, "[w]ithout a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO," *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005), and Plaintiff fails to allege any injury to "business or property." Accordingly, Plaintiff has failed to adequately alleged a viable claim under 18 U.S.C. § 1964. However, Defendants have not substantively addressed Plaintiff's civil RICO claim other than to argue that "criminal statutes do not create a private cause of

action as a matter of law." Dkt. 20 at 8. Therefore, it is not absolutely clear that this claim cannot be cured by amendment, and to the extent that this claim is asserted against defendants based on actions that are not subject to judicial or prosecutorial immunity, dismissal is without prejudice and with leave to amend.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. 2) and his motion to extend a deadline (Dkt. 22) are **DENIED**. Defendants' motion to dismiss (Dkt. 20) is **GRANTED** as follows:

(1) Plaintiff's claims against Defendants Arend, Blinn, and Cuthbertson and his claims under 18 U.S.C. § 1506 are **DISMISSED with prejudice**; and

(2) Plaintiff's 42 U.S.C. § 1983 and 18 U.S.C. § 1964 claims against Defendants Lund, Johnson, and Stock are **DISMISSED without prejudice and with leave to amend**.

Plaintiff may file an amended complaint no later than September 22, 2017. Failure to file a timely amended complaint shall result in the Clerk closing this case without any further order from the Court.

Dated this 17th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge